**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
JUAN MARTINEZ ROMERO,
*individually and on behalf of others similarly*
*situated,*

                             *Plaintiff*,

-against-

LUCKY FLUKE CORP. (d/b/a WONDEE SIAM II),
PAMUAN LIKITSANSOOK, AND PHIMPLOY
LIKITSANSOOK,

                             *Defendants*
----------------------------------------------------------------X

**16-cv-1915 (AKH)**

**PROPOSED FINDINGS**
**OF FACT AND**
**CONCLUSIONS OF LAW**

      Plaintiff, by his attorneys Michael Faillace & Associates, hereby submits his proposed findings of fact and conclusions of law.

**Plaintiff's Proposed Findings of Fact**

Facts Relevant to Plaintiff

      1.     The Plaintiff filed this present action in the United States District Court in the Southern District of New York on March 15, 2016.

      2.     Plaintiff worked at a restaurant known as Wondee Siam II, owned and operated by Lucky Fluke Corp., and located at 813 9th Avenue, New York, NY 10022. (Stipulated Fact 6)

      3.     Pamuan Likitsansook was the manager and supervisor of the Plaintiff herein and determined employees' compensation, determined employees' work schedules, calculated employees' time worked, prepared payroll, maintained payroll records, and paid employees of Wondee Siam II.

4.     Phimploy Likitsansook supervised the restaurant when Pamuan was absent, gave Plaintiff directions as to his job duties, and paid employees. On the days she was at the restaurant, Phimploy Likisansook exercised all the responsibilities that Pamuan did.

5.     Paman Likitsansook is an owner of Wondee Siam II Inc.

6.     At all times relevant to this action, Wondee Siam II Inc. had gross annual revenue in excess of $500,000.  (Stipulated Fact b)

7.     Wondee Siam II employees regularly handled goods, such as Thai food, condiments and supplies, which originated outside of the State of New York and moved in interstate commerce.

8.      Plaintiff Martinez was employed by Defendants from approximately 2001 until on or about June 2014.

9.      Plaintiff Martinez was employed by Defendants to work as a delivery worker, and also had additional responsibilities, including dishwashing, cleaning the kitchen, and food preparation.

10.     From approximately March 2010 until on or about June 2012, Martinez regularly worked from approximately 10:30 a.m. until about 11:30 p.m. Mondays through Thursdays, and from approximately 10:30 a.m. until on or about 12:00 a.m. on Fridays and Saturdays.

11.     From approximately June 2012 until on or about June 2014, Martinez regularly worked from approximately 10:30 a.m. until about 11:30 p.m. Mondays through Thursdays, and from approximately 10:30 a.m. until on or about 12:00 a.m. on Fridays.

12.     From March 2010 until on or about June 2012, Plaintiff Martinez was paid his wages in cash.

13.     From June 2012 until on or about June 2014, Plaintiff Martinez was paid his wages in a combination of cash and check.

14.     From approximately March 2010 until on or about June 2012, Plaintiff Martinez was paid $80 per day.

15.      From approximately June 2012 until on or about June 2014, Plaintiff Martinez was paid $100 per day.

16.     Plaintiff Martinez's wages did not vary regardless of how many hours he worked in a week.

17.     Defendants never provided Plaintiff Martinez with any accurate wage statement or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

18.     No written notification was given to Plaintiff Martinez regarding wages as required under the FLSA and NYLL.

**Plaintiff's Proposed Conclusions of Law**

1.     The court has subject matter jurisdiction of this action. 29 U.S.C. § 216(b), 28 U.S.C. § 1337 and 28 U.S.C. § 1331.

2.     The claims arising under New York law are so related to the FLSA claims that they form part of the same case or controversy, and are therefore within the supplemental jurisdiction of the court.  28 U.S.C. § 1367.

3.     Defendants thus subject to the minimum and overtime wage requirements of the FLSA.  *See* 29 U.S.C. §§ 206, 207; NYLL §§190, *et seq., §§650 et seq.*

4.     Both the FLSA and the NYLL define the term "employer" broadly for purposes of determining those who bear liability for unpaid wages.  *Irizarry v. Catsimatidis*, 722 F.3d 99,

103 (2d Cir. 2013);  *see* 29 U.S.C. § 203(d) (defining "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee"); N.Y. Lab. Law §§ 2(6), 651(6), 190(3); *see also Falk v. Brennan*, 414 U .S. 190, 195 (1973) (emphasizing "expansiveness" of the definition of employer under the FLSA).

5.      Pamuan Likitsansook and Phimploy Likitsansook each were employers of Plaintiff.

6.      Pamuan Likitsansook was an owner of Lucky Fluke Corp. (d/b/a Wondee Siam II), and supervised and managed the Plaintiff.  Pamuan determined the employees' compensation and work schedules, calculated their time worked, prepared payroll, maintained payroll records, and gave employees their pay.

7.      Phimploy Likitsansook was also Plaintiff's employee. She supervised the restaurant when Pamuan was absent, gave Plaintiff directions as to his job duties, and paid employees. On days she was at the restaurant, Phimploy exercised all the responsibilities that Pamuan did.

Minimum Wage and Overtime Claims

8.      Under both federal and New York state law, an employee must be paid a minimum wage.  29 U.S.C. §206; N.Y. Lab. Law §652.

9.      Under the FLSA, the minimum wage rate since July 24, 2009 has been $7.25 per hour.  29 U.S.C. §206(a)(1).

10.     From July 24, 2009 until December 30, 2013, the New York minimum wage rate was the same as the FLSA rate, $7.25.  N.Y.L.L. §652.

11.     In 2014 the New York minimum wage rate was $8.00 per hour. On December 31, 2014, the New York minimum wage rate increased to $8.75 per hour. On December 31, 2015,

the New York minimum wage rate increased to $9.00 per hour.   N.Y.L.L. §652(2); 12 N.Y.C.R.R. §146-1.2.

12.     Under both federal and New York state law, an employee must be paid at the rate of one and one-half times the employee's regular hourly rate for each hour the employee works in excess of 40 hours in a given workweek.   29 U.S.C. § 207(2)(C); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

13.     Overtime pay under the FLSA is calculated by applying a multiplier of one and one half to an employee's "regular rate" of pay. 29 C.F.R. § 778.107; 29 U.S.C. § 207(a)(1).

14.     The regular rate of pay "is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."  29 C.F.R. § 778.109; 29 U.S.C. § 207(e).

15.     Where an employee receives a straight weekly salary, there is a rebuttable presumption under the FLSA that the salary covers 40 hours worked.  Therefore, to determine the regular rate, the weekly salary is divided by 40 hours.  *Guallpa v. NY Pro Signs Inc.*, Index No. 11-cv-3133(LGS), 2014 U.S. Dist. LEXIS 77033, *9-*10 (S.D.N.Y. May 27, 2014); *Moon v. Kwon*, 248 F.Supp.2d 201, 207-08 (S.D.N.Y. 2002); *Giles v. City of New York*, 41 F.Supp.2d 308, 317 (S.D.N.Y. 1999); *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F.Supp.2d 372, 385 (E.D.N.Y. 2012).

16.     Further, under the New York Hospitality Industry Wage Order the regular rate for a restaurant employee who is not paid on an hourly basis is determined by "dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of

40 hours or the actual number of hours worked by that employee during the work week."  12 NYCRR §146-3.5.

17.     Plaintiff was paid fixed daily wages, and therefore his regular rates of pay are calculated by dividing his weekly pay by 40 hours.

Records

18.     An employee-plaintiff under the FLSA bears the burden of proving that she performed work for which she was not properly compensated.  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).  The employee's burden "is not high," and can be met "through estimates based on his own recollection." *Kuebel v. Black & Decker Inc*., 643 F.3d 352, 362 (2d Cir. 2011) (internal citations omitted).

19.     Where an employer had failed to maintain accurate and complete records of the hours employees worked and the amounts they were paid, the plaintiff-employee need only to submit "sufficient evidence from which violations of the [FLSA] and the amount of an award may be reasonably inferred." *Reich v. S. New England Telecomms. Corp*., 121 F.3d 58, 66 (2d Cir. 1997).  The burden then shifts to the employer to come forward with any evidence to either show "the precise amount of work performed," or to "negative the reasonableness of the inference to be drawn from the employee's evidence." *Anderson*, 328 U.S. at 687-88. If the employer fails to produce such evidence, the court may award damages to the employee, even though the result be only approximate. *Id.* at 688.  In the absence of rebuttal by defendants, the employees' recollections and estimates of hours worked are presumed to be correct.  *Amaya v. Superior Tile & Granite Corp*., 2012 U.S. Dist. LEXIS 5246, *19, 2012 WL 130425 (S.D.N.Y. Jan. 17, 2012); *Zhao v. East Harlem Laundromat, Inc*., 2010 U.S. Dist. LEXIS 121335, *15, 2010 WL 4628294 (S.D.N.Y. Oct. 8, 2010) (Report & Recommendation), *adopted in part by* 2010 U.S. Dist. LEXIS 121328, 2010 WL 4642459 (S.D.N.Y. Nov. 12, 2010).

20.     Under the FLSA, employers are required to "make, keep, and preserve" records of their employees' "wages, hours, and other conditions and practices of employment." 29 U.S.C. § 211(c).

21.     Employers are required to identify certain information in order for their records to be considered complete and accurate. Employers are required to maintain records of the employee's name in full, home address, sex and occupation, time of day and day of the week in which employee's workweek begins, the employee's regular hourly rate, total hours worked each day and each week, total daily or weekly earnings, total premium pay for overtime hours, total of additions or deductions, and the date of payment as well as the dates of the pay period covered by that payment. 29 C.F.R. § 516.2 (a).

22.     Employers must keep payroll records for at least three years and earnings records for at least two years. 29 C.F.R. §§ 516.5(a), 516.6(a)(1). Under the NYLL, employers must "establish, maintain, and preserve" detailed weekly payroll records for each employee "for not less than six years." N.Y. Comp. Codes R. & Regs. tit. 12 § 146-2.1; N.Y. Lab. Law § 195, 661.

23.     The employee records required under N.Y. Comp. Codes R. & Regs. tit. 12 § 146-2.1 should contain: (1) name and address; (2) social security number or other employee identification number; (3) occupational classification; (4) the number of hours worked daily and weekly, including the time of arrival and departure for each employee working a split shift or spread of hours exceeding 10; (5) regular and overtime hourly wage rates; (6) the amount of gross wages; (7) deductions from gross wages; (8) the amount of net wages; (9)  tip credits, if any, claimed as part of wages; (10) money paid in cash; and (11) student classification.

24.     Until approximately 2012, Defendants did not use any punch card or a time tracking device to record when employees arrived and left.

25.     After 2012, Defendants required Plaintiff to clock in on a punch card and sign timesheets.

26.     However, Plaintiff will testify at trial that these records are demonstrably inaccurate in terms of recording the time Plaintiff worked.

27.     For example, Plaintiff will testify that he was often unable to clock out on any punch card at the end of the work day, because someone had already punched out for him before he finished working.

28.     Additionally, Defendants' timesheets show exact start and end times each week. Plaintiff will testify that, his working hours were never so exact and regular, and that Defendants' records are largely inaccurate. Defendants' records do not vary between weeks even by minutes.

29.     In the light of Defendants' failure to maintain legislatively required accurate records, Plaintiff's testimony must be presumed correct. *Amaya v. Superior Tile & Granite Corp.*, 2012 U.S. Dist. LEXIS 5246, *19, 2012 WL 130425 (S.D.N.Y. Jan. 17, 2012); *Zhao v. East Harlem Laundromat, Inc.*, 2010 U.S. Dist. LEXIS 121335, *15, 2010 WL 4628294 (S.D.N.Y. Oct. 8, 2010) (Report & Recommendation), *adopted in part by* 2010 U.S. Dist. LEXIS 121328, 2010 WL 4642459 (S.D.N.Y. Nov. 12, 2010). Accordingly, the Court should adopt the Plaintiff's recollection of their hours worked and payment received.

30.     Under the FLSA there is a rebuttable presumption that the salary is intended to cover 40 hours per week. Therefore, under the FLSA the regular rate should be determined by dividing the weekly salary rate by 40 hours, rather than by the number of hours actually worked, unless the parties intend and understand the weekly salary to include overtime hours at the premium rate. *Perez v. Platinum Plaza 400 Cleaners, Inc.*, Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 54066, *6-*7 (S.D.N.Y. April 24, 2015); *Guallpa v. NY Pro Signs Inc.*, Index

No. 11-cv-3133(LGS), 2014 U.S. Dist. LEXIS 77033, *9-*10 (S.D.N.Y. May 27, 2014), *report and recommendation adopted sub nom. Guallpa v. NY Pro Signs Inc.*, No. 11-cv-3133 (LGS), 2014 U.S. Dist. LEXIS 116671, 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014); *Moon v. Kwon*, 248 F.Supp.2d 201, 207-08 (S.D.N.Y. 2002); *Giles v. City of New York*, 41 F.Supp.2d 308, 317 (S.D.N.Y. 1999); *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F.Supp.2d 372, 385 (E.D.N.Y. 2012).

31.    When an employee at a restaurant is not paid an hourly rate of pay, "the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week."  12 N.Y.C.R.R. §146-3.5.

32.    Here, Plaintiff was paid fixed daily rates.  Accordingly, in order to determine their regular rates of pay, under both the FLSA and NYLL, his weekly pay is divided by 40 hours.

<u>Willfulness, the Statute of Limitations, and Liquidated Damages</u>

33.    Under the FLSA, the statute of limitations applicable to claims for unpaid wages is two years, but is extended to three years if the violation is willful.  29 U.S.C. § 255(a).

34.    Under the FLSA a violation is considered willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir 2009) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

35.    Defendants were aware of the requirements of the FLSA and NYLL, yet chose not to follow them. Defendants knew, or willfully ignored, that the law did not permit employees

to be paid at a rate below minimum and must be paid at appropriate overtime rates for any hours worked in excess of 40 each week.

36.     Defendants' deliberate decision to disregard both FLSA and New York law, amount to willfulness for purposes of the FLSA and New York law.  *Doo Nam Yang v. ACBL Corp.,* 427 F. Supp. 2d 327, 340 (S.D.N.Y. 2005) ("A failure to pay is 'willful' when the employer knowingly, deliberately, or voluntarily disregards its obligation to pay wages") (internal quotation marks omitted).

37.     As Plaintiff can establish that Defendants' violation of the FLSA was willful, the Plaintiff is entitled to a three-year limitations period under the FLSA, *i.e.*, starting from June 17, 2013, three years before the complaint was filed.   29 U.S.C. §255; *Decraene v. Neuhaus (U.S.A.), Inc.*, 2005 U.S. Dist. LEXIS 10836, at *23-*24 (S.D.N.Y. 2005).  This encompasses the entire period of Plaintiff's employment.

38.     The statute of limitations for claims brought under the NYLL is six years.  N.Y. Lab. Law § 663(3).

39.     Under the FLSA, once liability is established the employee is entitled to recover all unpaid minimum and overtime wages, as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "Liquidated damages are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA." *McLean v. Garage Mgmt. Corp.*, 2012 U.S. Dist. LEXIS 55425, *12, 2012 WL 1358739 (S.D.N.Y. April 19, 2012) (quoting *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)). The employer may escape liability for liquidated damages, if it can demonstrate that "it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA." *Barfield*

*v. New York City Health and Hospitals Corp.,* 537 F.3d 132, 150 (2d Cir. 2008).  The employer must make establish its subject good faith and objective reasonableness by "plain and substantial evidence."  *Solis v. Cindy's Total Care, Inc.,* 2012 U.S. Dist. LEXIS 1808, *74, 2012 WL 28141 (S.D.N.Y. Jan. 5, 2012) (quoting *Moon v. Kwon,* 248 F.Supp.2d 201, 234 (S.D.N.Y. 2002).  "The employer bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception."  *McLean,* 2012 U.S. Dist. LEXIS 55425, *13 (quoting *Herman,* 172 F.3d at 142).  "To establish the requisite subjective good faith, an employer must show that it took active steps to ascertain the dictates of the FLSA and then act to comply with them."  *Id.* (quoting *Barfield,* 537 F.3d at 150.

40.     As reviewed above, Defendants' actions were willful or at a minimum reckless; accordingly, liquidated damages apply.

41.     Under the NYLL, as under the FLSA, an employee is entitled to recover liquidated damages unless the employer can establish a good faith basis for having failed to pay the required wages.  N.Y. Lab. Law § 198(1-a); *Hart v. Rick's Cabaret,* 2013 U.S. Dist. LEXIS 129130, *88-89, 2013 WL 4822199 (S.D.N.Y. Sept. 10, 2013).   Given the uncontroverted evidence of Defendants' willfulness and lack of good faith, Plaintiff is, by statute, entitled to liquidated damages under New York Labor Law.  NYLL § 663(1).

42.     Under the NYLL, the Court must award prejudgment interest in addition to liquidated damages. NYLL §§198(1-a) ("In any action instituted in the courts upon a wage claim by an employee . . .  in which the employee prevails, the court shall allow such employee to recover . . . prejudgment interest as required under the civil practice law and rules, and . . . an additional amount as liquidated damages . . ."); 663(1) (same).

43.     The New York prejudgment interest rate applies.  *McLean*, 2012 U.S. Dist. LEXIS 55425 at *28.  Under N.Y. C.P.L.R. § 5004, prejudgment interest runs at the rate of nine percent (9%) per annum simple interest.  *Id.*  As to the date from which interest is to be calculated, the statute states that "[w]here . . . damages were incurred at various times, interest [may] be computed . . . upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b).  When claims that are reduced to judgment have arisen on different dates, the Court may compute prejudgment interest from an appropriate single median date.  *See McLean*, 2012 U.S. Dist. LEXIS 55425 at *28 ("prejudgment interest on the plaintiffs' NYLL unpaid overtime wage damages shall be computed at a rate of nine (9) percent per annum from a single reasonable intermediate date").  Thus, prejudgment interest on Plaintiffs' back pay awards should be computed from the median of each relevant period to the date of judgment.

Spread of Hours Claims

44.     Separate from any other regular or overtime wages, when an employee works more than 10 hours on any given day, the employee is entitled to receive "spread of hours" pay, which is an additional one-hour's pay at the applicable minimum wage rate.  12 NYCRR § 142-2.4(a) (2009).

45.     Plaintiff will testify that he worked over 10 hours per day regularly during his employment.  Defendants' records confirm this.

46.     Although Defendants' records suggest that spread of hours pay was provided, this is contradicted by the unvarying nature of the wages documented by Defendants, which supports Plaintiff's allegation that he was paid a fixed, not hourly, rate.  Accordingly, Plaintiff was improperly denied spread of hours wages. 12 NYCRR § 146-1.6

Wage Notice and Wage Statements Under the NYLL

47.     Under the NYLL, employers must provide employees with wage and hour notices.  NYLL §195(1)(a).

48.     Specifically, the notices must inform the employee, in both English and the employee's primary language, of the rate of pay. Employees must be provided such notices at the time of hiring and on or before February first of each subsequent year of employment.  *Id.*  An employee who does not receive such notices can recover damages of $50 per day, up to a statutory maximum of $2,500.  NYLL §198(1-b).  The New York Labor Law, since April 9, 2011, has required employers to provide employees at the time of hiring, a written notice containing the following information: the rate or rates of pay and basis thereof,  whether  paid by  the  hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the  regular  pay  day designated by the employer; the name of the employer; any "doing business as" names used  by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. The notice must be provided in English and in the language identified by the employee as his primary language.

49.     The employer has the burden of proving compliance with the notification requirements of §195(1)(a).

50.     There is no evidence that Defendants ever provided any NYLL compliant wage and hour notices to Plaintiffs.

51.     Plaintiff is therefore entitled to damages of $50 per week of violation, up to a maximum of $2,500.

52.     The NYLL also requires employers to provide wage statements with each payment of wages, which must include, among other things, the rate of pay and basis thereof, and "allowances, if any, claimed as part of the minimum wage."  NYLL §195(3).  The wage statement must list the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

53.     An employee who does not receive such statements can recover $100 per day of violation, up to a maximum of $2,500.  NYLL §198(1-d).

54.     There is no evidence in the record that Plaintiff ever received any document satisfying the requirements of NYLL §195(3) prior to approximately 2012.

55.     The documents Plaintiff did receive do not accurately state his hours worked.

56.     Plaintiffs are entitled to statutory damages of $50 per day, up to a maximum of $2,500.  NYLL §198(1-d).

Plaintiff's Damages

Plaintiff is owed damages as follows (See attached Damage calculation for more detail):

A.  Damages for Minimum Wage and Overtime Violations
    $127,722.43

B.  Liquidated Damages for Minimum Wage and Overtime Violations
    $96,132.43

C.  Spread of Hours Damages
    $8,961.36

D.  <u>Liquidated Damages on Spread of Hours Damages</u>

$8,961.36

F.  <u>Wage Notice Violations</u>

$2,500

G.  <u>Wage Statement Violations</u>

$2,500

<u>Attorneys' Fees</u>

57.    The FLSA and the New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages.  29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court"). Accordingly, Plaintiff should be awarded attorneys' fees and costs in an amount to be determined after trial.

58.    Plaintiff is entitled to pre-judgment interest on unpaid minimum and overtime wages to be determined at the time of judgment.

59.    Plaintiff is entitled to costs and reasonable attorneys' fees, in an amount to be determined.

60.    The judgment against Defendants should provide that if any amounts remain unpaid ninety days after issuance of the judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of the judgment shall automatically increase by fifteen percent.  NYLL §198(4).

October 20, 2017

   /s/ *Marisol Santos*
Marisol Santos, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.

15

60 East 42nd Street, Suite 4510
New York, NY 10165
(212) 317-1200
msantos@faillacelaw.com
*Attorneys for Plaintiff*